**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Case No. 2:13-cv-12197-GAD-PJK |
| ) | |
| v. ) | |
| ) | |
| JASON PONTELLO, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S MOTION TO COMPEL**
**AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Malibu Media, LLC, by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 37, hereby moves for entry of an order compelling Defendant to produce (1) a forensically sound copy of all desktops, laptops, tablets, iPads, external storage devices, portable hard drive, mobile phones, and video game consoles (collectively, "hard drives"); and (2) complete responses to Interrogatory Nos. 22, 23, and 24 and in support files the following memorandum.

### I.     INTRODUCTION

On January 28, 2014, Plaintiff served Defendant with its First Set of Interrogatories and Requests for Production, which Defendant responded to on February 15, 2014. Since receiving Defendant's discovery responses, Plaintiff has communicated with defense counsel on numerous occasions in an effort to obtain complete responses to its interrogatories and production of Defendant's hard drives for forensic imaging. Although previously responsive, defense counsel is no longer participating, and therefore, resisting production of the drives. Further, Defendant has not provided complete answers to Plaintiff's interrogatories. Defendant's failure to produce his hard drives and provide complete answers to Plaintiff's discovery has prejudiced Plaintiff and

1

unduly delayed Plaintiff's ability to advance the litigation, conduct depositions, and prepare for trial. For the foregoing reasons as explained more fully below, this Court should grant the subject Motion.

## II.   FACTS

On January 28, 2014, Plaintiff served its First Set of Interrogatories and Requests for Production on Defendant, which Defendant responded to on February 15, 2014. *See* Exhibit A, Defendant's Responses to Plaintiff's Discovery Requests. However, Defendant's responses asserted numerous boilerplate objections without any specificity or particularity. On March 6, 2014, Plaintiff e-mailed defense counsel a detailed letter describing each deficiency. *See* Exhibit B. Plaintiff also provided Defendant with a stipulated protective order regarding production of Defendant's hard drives. On April 10, 2014, Defendant responded to Plaintiff's letter reasserting his objections to Plaintiff's discovery requests. *See* Exhibit C.

Despite various ongoing discovery disputes, Plaintiff demanded production of Defendant's hard drives and subsequently, the parties began negotiating the details of a protective order. Once finalized, Plaintiff filed a Stipulation Regarding a Protective Order for Production of Data on Defendant's Computer Hard Drives, which this Court entered on April 30, 2014. CM/ECF 31. Since then, Plaintiff attempted to coordinate a date and plan for hard drive imaging. Particularly, the parties discussed whether the drives would be shipped to Plaintiff's forensic expert or whether Defendant would allow a local expert to create the images. However, defense counsel is now unresponsive to undersigned's e-mails and phone calls. To date, Defendant has not produced his hard drives for examination. Further, Defendant's responses to interrogatory nos. 22, 23, and 24 remain incomplete.

Accordingly, Plaintiff is seeking an order compelling production of Defendant's hard drives and complete responses to Interrogatory Nos. 22, 23, and 24.

### III. LEGAL STANDARD

A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…[.]" Fed. R. Civ. P. 26(b)(1). "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action…[r]elevant information need not be admissible… if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). If a party fails to answer an interrogatory or respond to a document request, the discovering party may move for an order compelling such answer or response. *See* Fed. R. Civ. P. 37(a)(3)(B).

Upon granting a motion to compel "[t]he court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). A court must grant this payment when the movant has made an attempt in good faith to obtain the disclosure or discovery without court action, the opposing party's nondisclosure or responses were not substantially justified, and the award of expenses is just. *See* Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

### IV. ARGUMENT

A. <u>Defendant's Hard Drive Contain Relevant Information and Defendant Did Not Produce His Hard Drives</u>

1. <u>Defendant's Hard Drives Contain Relevant Information</u>

Plaintiff's infringement claim is based on Defendant's use of the BitTorrent network to copy and distribute Plaintiff's copyrighted works. BitTorrent clients and torrent files may be

3

located on Defendant's hard drives. Request No. 1 seeks a forensically sound copy of the hard drive for each of the computer devices in Defendant's house, apartment, or dwelling.

> **Plaintiff's Request for Production No. 1**: A forensically sound copy (a clone) of the hard drive for each of the Computer Devices in your house, apartment or dwelling.
> **Defendant's Response**: Upon entry and agreement of a suitable protective order and electronic discovery protocol Defendant agrees to produce and/or make available any household computer devices in his case custody and/or control for purposes of allowing Plaintiff and/or its forensic experts the opportunity to perform a mirror image copying of the hard drive for their inspection and review.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b0(1). "[W]here the computer itself is at the heart of the litigation-where it is, in effect, an instrumentality of the alleged copyright infringement-it is plainly relevant under Fed. R. Civ. P. 26(b)[.]" *Capitol Records, Inc. v. Alaujan*, 2009 WL 1292977 at *1 (D. Mass., 2009) (allowing Plaintiff to examine Defendant's hard drive under a protective order). Indeed, "inspection of a computer's contents is frequently permitted in cases involving copyright infringement." *Dassault Systemes, S.A. v. Childress*, 2012 WL 993959 at *2 (E.D. Mich., 2012). Therefore, a forensically sound copy of each hard drive in Defendant's residence is relevant to Plaintiff's case.

2. <u>Plaintiff Negotiated A Protective Order In Good Faith</u>

Plaintiff seeks production of Defendant's Apple Macbook Pro, Dell Inspiron 1720, and his Network-Attached Storage ("NAS").[1] Because Defendant insisted on the entry of a protective order, the parties negotiated and finalized a suitable protective order which this Court entered on April 30, 2014. CM/ECF 31. Subsequently, undersigned reached out to defense

---

[1] Network-attached storage (NAS) is file-level computer data storage connected to a computer network providing data access to a heterogeneous group of clients.

4

counsel to coordinate an appropriate time for Plaintiff's expert to image the hard drives. Although numerous e-mails were exchanged, defense counsel continually failed to suggest a date, time, or plan for hard drive imaging and has now stopped responding to undersigned's coordination attempts. *See* Exhibit D.

   3. The Hard Drives Are Necessary to Proceed With the Case

Without production of the hard drives, Plaintiff's expert cannot submit a report and Plaintiff cannot depose the Defendant. It is Plaintiff's practice to depose Defendant after its expert analyzes the Defendant's computers because the information gleamed from Defendant's computer will be the subject of deposition questions. Therefore, Defendant's failure to produce his hard drives and provide complete answers to Plaintiff's discovery has prejudiced Plaintiff and unduly delayed Plaintiff's ability to advance the litigation, conduct depositions, and prepare for trial.

Given the relevancy of the hard drives, the entry of an appropriate protective order, and undersigned's unanswered coordination attempts, this Court should order the Defendant to produce his hard drives for inspection.

B. Defendant Did Not Provide Complete Responses to Plaintiff's Interrogatory Nos. 22, 23, and 24

Plaintiff's Interrogatory No. 22, 23, and 24, seek information relating to adult websites. In particular, Plaintiff requests information relating to Defendant's (and other household member's) preferences, frequency of visits, and subscriptions to any adult websites. To each of these interrogatories, Defendant asserts boilerplate objections claiming that the requests are not related to the instant action, are overly broad, vague, unduly burdensome, and part of a strategy to threaten and embarrass Defendant.

5

**Plaintiff's Interrogatory No. 22**: Have you or anyone who has had access to a wireless router(s) or modem(s) in your home visited an adult website within the last two years? If so, identify the websites and state how often those websites were visited.
**Defendant's Response**: Defendant objects to the nature of this interrogatory in that it is not related to the instant action, is overly broad, vague, unduly burdensome, and part of a calculated strategy intended to threaten Defendant with an intrusive invasion of unrelated personal information as retaliation for his failure to submit to Plaintiff's extortion tactics. The nature of the request is deliberately calculated to elicit information by which Plaintiff can then use to embarrass him as a viewer of pornography in order to facilitate a coercive and/or extortionate settlement or demand. Accordingly, no response is warranted.

**Plaintiff's Interrogatory No. 23**: Have you ever watched x-rated, adult or pornographic movies or live feeds (collectively, "adult content")? If so, when was the last time you watched adult content, how often do you watch adult content, which studios do you prefer, and what type of movies do you prefer?
**Defendant's Response**: Defendant objects to the nature of this interrogatory in that it is not related to the instant action, is overly broad, vague, unduly burdensome, and part of a calculated strategy intended to threaten Defendant with an intrusive invasion of unrelated personal information as retaliation for his failure to submit to Plaintiff's extortion tactics. The nature of the request is deliberately calculated to elicit information by which Plaintiff can then use to embarrass him as a viewer of pornography in order to facilitate a coercive and/or extortionate settlement or demand. Accordingly, no response is warranted.

**Plaintiff's Interrogatory No. 24**: Have you ever subscribed to an internet company distributing adult content? If so, identify the company and state the period of time that you were a subscriber.
**Defendant's Response**: Defendant objects to the nature of this interrogatory in that it is not related to the instant action, is overly broad, vague, unduly burdensome, and part of a calculated strategy intended to threaten Defendant with an intrusive invasion of unrelated personal information as retaliation for his failure to submit to Plaintiff's extortion tactics. The nature of the request is deliberately calculated to elicit information by which Plaintiff can then use to embarrass him as a viewer of pornography in order to facilitate a coercive and/or extortionate settlement or demand. Accordingly, no response is warranted.

Objections to interrogatories must be stated with specificity. *See* Fed. R. Civ. P. 33(b)(4). "The mere statement by a party that an interrogatory or request for production is overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection." *Kafele v. Javitch, Block, Eisen & Rathbone*, 2005 WL 5095186 at * 1 (S.D. Ohio, 2005). And, courts

"strongly [condemn] the practice of asserting boilerplate objections to every discovery request." *Carfagno v. Jackson Nat'l Life Ins. Co.*, 2001 WL 34059032 at *4 (W.D. Mich., 2001). "Such objections are tantamount to no objection at all." *Cumberland Truck Equip. Co. v. Detroit Diesel Corp.*, 2007 WL 4098727 at *1 (E.D. Mich., 2007). Thus, Defendant's objections to the foregoing interrogatories fail to assert any objection at all.

The illegal download and distribution of Plaintiff's copyrighted works are at the center of this litigation. Plaintiff understands the sensitive nature of these requests. However, Defendant's tendency and frequency to visit an adult website is directly related to this action because Plaintiff's copyrighted works are the same genre – adult entertainment cinema. The inquiry into studios preferred and types of movies (Interrogatory Nos. 22 and 23) Defendant watches is also relevant given Plaintiff's niche within the adult entertainment market. Further, any preference to studios that produce similar content can demonstrate a likelihood of infringement and may lead to the discovery of admissible evidence. In addition, the availability of Plaintiff's copyrighted works on Plaintiff's website (X-Art.com) through a subscription, makes Defendant's membership to other adult content websites relevant and further demonstrates Defendant's tendency and frequency to visit adult websites. This is directly related to this action, establishes a likelihood of infringement and may lead to the discovery of admissible evidence.

C. <u>Plaintiff Is Entitled to Its Reasonable Attorney's Fees and Costs Incurred Pursuant to Fed. R. Civ. P. 37(a)(5)(A)</u>

Plaintiff has attempted in good faith to obtain production of Defendant's hard drives and responses to Interrogatory Nos. 22, 23, and 24. Indeed, undersigned attempted to contact defense counsel through e-mails and two telephone calls in an effort to coordinate production and obtain complete responses. Pursuant to Fed. R. Civ. P. 37(a)(5)(A), if a movant's motion to

7

compel is granted, the Court, after giving the party whose conduct necessitated the motion an opportunity to be heard, must require the party to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. "Such an award requires that the movant have attempted in good faith to obtain the disclosure prior to filing the motion." *Francis v. AIT Labs.*, 2008 WL 2561222 at *4 (S.D. Ind. 2008).

Despite undersigned's good faith efforts, Defendant's hard drives have not been produced, nor has defense counsel supplied undersigned with complete responses to Plaintiff's Interrogatories. Defendant has not demonstrated good cause for his failure to adhere to Rules 34 of the Federal Rules of Civil Procedure, nor has Defendant's disregard for the rule been substantially justified. As such, Plaintiff is entitled to its attorney's fees and costs associated with bringing forth the instant motion.

I.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion to Compel and award Plaintiff its attorney's fees and expenses incurred pursuant to Fed. R. Civ. P. 37(a)(5)(A).

**WHEREFORE,** Plaintiff, Malibu Media, LLC, respectfully requests entry of an Order:

(A) Granting Plaintiff's Motion to Compel;

(B) Compelling Defendant to serve upon counsel for Plaintiff, within seven (7) days of the entry of its Order, a forensically sound copy of all Defendant's hard drives and substantive responses to Plaintiff's Interrogatory Nos. 22, 23, and 24;

(C) Awarding Plaintiff its reasonable attorney's fees and expenses pursuant to Fed. R. Civ. P. 37;

(D) Holding that Defendant's failure to comply with the Court's Order Compelling substantive discovery responses shall result in the entry of a Default Judgment in Plaintiff's favor; and

(E) Granting such other and further relief as this Court deems just and proper.

## GOOD FAITH CERTIFICATION

Plaintiff, by and through undersigned counsel, pursuant to Fed. R. Civ. P. 37(a)(1), Local Rule 37-1, and Local Rule 7-1, hereby certifies that on June 27, 2014, undersigned attempted to confer with defense counsel through e-mail, in a good faith effort to resolve the issues raised by this Motion and to explain the nature of the motion and its legal basis. Undersigned also called defense counsel on June 24, 2014 and left a voicemail. However, defense counsel has not responded to any of undersigned's attempts. To date, undersigned has not received Defendant's hard drives or complete responses to Plaintiff's Interrogatories.

DATED: June 30, 2014

Respectfully submitted,

NICOLETTI LAW, PLC

By: /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
33717 Woodward Ave., #433
Birmingham, MI 48009
Tel: (248) 203-7800
Fax: (248) 203-7801
E-Fax: (248) 928-7051
Email: pauljnicoletti@gmail.com
*Attorney for Plaintiff*

9

## **CERTIFICATE OF SERVICE**

    I hereby certify that on June 30, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

                                                By:    /s/ *Paul J. Nicoletti*