UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | Case No. 2:13-cv-12197 |
| ) | Hon. Gershwin A. Drain |
| Plaintiff, ) | |
| ) | |
| JASON PONTELLO, ) | |
| ) | |
| Defendant. ) | |

| | |
|---|---|
| PAUL J. NICOLLETTI (P-44419) | JOHN T. HERMANN (P-52858) |
| Attorney for Plaintiff | Attorney for Defendant |
| 36880 Woodward Ave, Suite 100 | 2684 West Eleven Mile Road |
| Bloomfield Hills, MI 48304 | Berkley, MI 48072 |
| (248) 203-7801 | (248) 591-9291 |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST TO PRODUCE**

Defendant JASON PONTELLO pursuant to Fed R. Civ. P. 34 hereby submit the following objections and/or response to Plaintiff MALIBU MEDIA'S Request for Production of Documents:

1. A complete copy of the hard drive for each of the Computer Devices in your house, apartment or dwelling.

ANSWER: Upon entry and agreement of a suitable protective order and electronic discovery protocol Defendant agrees to produce and/or make available any household computer devices in his care custody and/or control for purposes of allowing Plaintiff and/or its forensic experts the opportunity to perform a mirror image copying of the hard drive for their inspection and review.

2. All documents referring, relating to or comprising records of your internet browser's activity.

ANSWER: Defendant asserts that to the best of his knowledge and/or belief there are no such documents and that the best and perhaps only source of information that would identify the internet browser activity for those computers in her care custody or control are the actual computer hardrives themselves to which Defendant has agreed to produce subject to the limitations as set forth in response to document request no. 1.

1

# EXHIBIT A

3. All documents referring, relating to or comprising records associated with the purchase of a Computer Device.

ANSWER: Defendant asserts that to the best of his knowledge and/or belief after conducting a good faith inquiry into the above captioned request that he is not in possession of any documents relating to the purchase of any of the computer devices that are in her care custody and/or control

4. All documents referring, relating to or comprising records associated with the purchase of a modem or wireless router.

ANSWER: Defendant asserts that to the best of his knowledge and/or belief after conducting a good faith inquiry into the above captioned request that he is not in possession of any documents relating to the purchase of any of the computer devices that are in his care custody and/or control.

5. All documents referring, relating to or comprising records associated with your use of a modem or wireless router, including any accompanying user guides, hand books, access codes, passwords, account information, guest account information, warning statements, or other information pertaining to the set-up, use, and control of the wireless router or modem.

ANSWER: Defendant asserts that to the best of his knowledge and/or belief after conducting a good faith inquiry into the above captioned request that he is not in possession of any documents relating to the purchase of any of the computer devices that are in his care custody and/or control.

6. All documents referring, relating to or comprising records of any computer programs downloaded, uploaded, or placed on any Computer Device in your house, apartment or dwelling.

ANSWER: Defendant asserts that to the best of his knowledge and/or belief there are no such documents and that the best and perhaps only source of information that would identify what programs have been installed an any of the computer devices in his care custody or control are the actual computer hardrives themselves to which Defendant has agreed to produce subject to the limitations as set forth in response to document request no. 1.

7. All documents referring, relating to or comprising written communications between you and your ISP, including all contracts, agreements, usage statements, bills, payments, and Digital Millennium Copyright Act notices.

ANSWER: Defendant received a notification letter from his ISP regarding the John Doe subponea issued in connection with this case sometime in 2013 but is no longer in possession of said letter.

2

8. All documents, including credit card statements, receipts, or other statements referring to or relating to the purchase and installation of anti-virus software for use on a Computer Device in your house, apartment or dwelling.

ANSWER: Defendant objects to the nature of the request in that his personal financial records are not are not reasonably calculated to yield any admissible evidence relating to Plaintiff claims of copyright infringement and are apparently being directed to determine the likelihood of collectability in advance of any judgment or award.

9. A complete copy of any external hard drives in your possession, custody or control.

ANSWER: No such documents exist.

10. A complete copy of all of the files contained within any electronic storage locker which you or anyone in your house, apartment or dwelling subscribe or use, and all records and documents that refer or relate to any such electronic storage locker, including the contract, and all statements of account and usage.

ANSWER: No such documents exist.

11. A complete copy of all of the files contained within any cloud based storage system to which you or anyone in your house, apartment or dwelling subscribe or use, and all records and documents that refer or relate to any such cloud based storage system, including the contract, and all statements of account and usage.

ANSWER: No such documents exist as Defendant does not maintain any cloud based storage systems.

12. A complete copy of any files stored on any video game consoles in your possession.

ANSWER: Plaintiff does not currently own a video game console. He used to own a Sony Playstation but sold the system approximately 2-3 years ago.

13. All documents that refer, relate to or comprise records of accounts, account activity and network connections between any video game consoles in your possession and third party Computer Device.

ANSWER: Plaintiff does not currently own a video game console. He used to own a Sony Playstation but sold the system approximately 2-3 years ago and has not used the account system since that time.

14. Any documents pertaining to records for any wireless and mobile devices including but not limited to all data plans, bills, and payments made for cellular telephones, iPads, or other portable electronic mobile devices that have the ability to connect to the internet or a wireless modem.

ANSWER: Defendant objects to the nature of the request in that his personal financial records are not are not reasonably calculated to yield any admissible evidence relating to Plaintiff claims of copyright infringement and are apparently being directed to determine the likelihood of collectability in advance of any judgment or award.

15. Any documents pertaining to receipts of purchases, credit card statements, checks cashed, bank account statements, or travel documents dating two months before and until and including two months after the time of the alleged infringement that would indicate that you were not at your residence or within the control of your IP address at or around the time of infringement.

ANSWER: Defendant objects to the nature of the request in that his personal financial records are not are not reasonably calculated to yield any admissible evidence relating to Plaintiff claims of copyright infringement and are apparently being directed to determine the likelihood of collectability in advance of any judgment or award.

16. Any documents or contracts pertaining to ownership of the property, title of the home or apartment, or any existing lease, rental agreements, sublet agreements, or documents relating to any legal notice of tenants or residents authorized to live in the property at the time of the infringement.

ANSWER: Defendant objects to the nature of the request in that his personal financial records are not are not reasonably calculated to yield any admissible evidence relating to Plaintiff claims of copyright infringement and are apparently being directed to determine the likelihood of collectability in advance of any judgment or award.

17. All documents pertaining to any electronic correspondence issued from the computer devices to any other device able to connect to the internet including all emails, instant messages, social network postings, chat room comments, and any and all other forms of electronic communication in the last six months that mentions or relates to the "Work".

ANSWER: Defendant objects to the nature of the request in that it seeks information about her communication with outside sources that offered guidance and/or assistance to individuals who have been sued or are threatened with suit for the same or similar conduct as alleged in Plaintiff's complaint. Participation in advisory and/or informational chat rooms, web sites and/or online informational is a legitimate part of Defendants defense and presentation and the request is wholly improper in that it is attempting to identify and weed out informational sources that offer assistance to similarly situated individuals.

18. All documents pertaining to any forensic software that was used to preserve or delete files, programs, software, or any other type of electronic data in the last six months.

ANSWER: Plaintiff maintains a NAS unit (Network Attached Storage) system which is used to store electronic data for the household computer devices

      19. Any documents that contain credit card or bank statements relating to purchases of electronic equipment and computer devices at any and all electronics retail stores in the past 48 months.

ANSWER: Defendant objects to the nature of the request in that his personal financial records are not are not reasonably calculated to yield any admissible evidence relating to Plaintiff claims of copyright infringement and are apparently being directed to determine the likelihood of collectability in advance of any judgment or award.

Dated: February 6, 2014

                                                  JOHN T. HERMANN (P52858)
                                                  Attorney for the Defendant
                                                  2684 West Eleven Mile Road
                                                  Berkley, MI 48072
                                                  (248) 591-9291

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) Case No. 2:13-cv-12197 |
| Plaintiff, | ) Hon. Gershwin A. Drain |
| JASON PONTELLO, | ) |
| Defendant. | ) |

PAUL J. NICOLLETTI  (P-44419)
Attorney for Plaintiff
36880 Woodward Ave, Suite 100
Bloomfield Hills, MI 48304
(248) 203-7801

JOHN T. HERMANN  (P-52858)
Attorney for Defendant
2684 West Eleven Mile Road
Berkley, MI 48072
(248) 591-9291

## DEFENDANT'S RESPONSE AND OBJECTIONS TO PLAINTIFF'S INTERROGATORY QUESTIONS

Defendant JASON PONTELLO pursuant to Fed R. Civ. P. 33 hereby submits the following answers and/or objections to Plaintiff MALIBU MEDIA's Interrogatory questions:

1. State the full name, address and position relative to the Defendant of the person(s) answering these Interrogatories and for each such person state what that person contributed.

ANSWER:   The interrogatories were prepared by John T. Hermann whose address is 2684 West Eleven Mile Road Berkley, MI 48072 with the input and assistance and of  Jason Pontello whose address is 31623 Linden Avenue Fraser, MI 48026.

2. Describe in detail your educational background, where you went to high school, college (if you attended), your major and your work history, and in chronological fashion identify each of your former employers and your present employers, state how long you worked at each such employer, and summarize your job duties for each such employer. For the avoidance of doubt, if at any time you were self-employed, the sole proprietorship, partnership or legal entity through which you were self-employed qualifies as an employer within the meaning of this interrogatory.

OBJECTION: Defendant objects to the nature of this interrogatory in that it is not related to the instant action, is overly broad, vague, unduly burdensome, and part of a calculated strategy intended to threaten Defendant with an intrusive invasion of unrelated personal information as retaliation for her failure to submit to Plaintiff's extortion tactics. Specifically, Defendant's

1

employment and educational background and ownership of any business are not reasonably calculated to yield any admissible evidence relating to Plaintiff claims of copyright infringement and are apparently being directed to determine the likelihood of collectability in advance of any judgment and/or to use the threat of being associated with the alleged downloading of pornographic materials as a means to interfere with Defendant's current employment neither of which is proper. Defendant further objects in that the questions and referenced subparts contain separate requests far in excess of the amount allowable under Fed R. Civ. P. 33(a)(1). Plaintiff's request as currently phrased would require Defendant to list her entire employment history for his entire working career spanning a time of several decades

ANSWER SUBJECT TO OBJECTIONS: Notwithstanding said objections, Defendant agrees to answer any additional questions pertaining to his general background covering the topics identified above during the discovery period via his deposition; however, a summary of his education and employment are as follows;

**Education:**
Cousino High School Class of 1998
Davenport Universit Bachelors degree approximately 2002
Bachelor's Of Business Administration.

**Work:**
Baker College
Computer Technician For the last 6+ years
New Method Construction And Repair Inc.
Vice-President/Book-keeper

3. Explain in detail your exposure to Computer Devices in school, college, work and at home, include within your answer any courses or classes you have taken to learn how to use Computer Devices and/or the software that enables the Computer Devices to work, list all of the programs that you know how to use, and state when you learned how to use each such program.

OBJECTION: Defendant objects to the nature of this interrogatory in that it is not related to the instant action, is overly broad, unduly burdensome, and part of a calculated strategy intended to threaten Defendant with an intrusive invasion of unrelated personal information as retaliation for his failure to submit to Plaintiff's extortion tactics. Specifically, Defendant's familiarity and/or training with regard to computer devices is not reasonably calculated to yield any admissible evidence relating to Plaintiff claims of copyright infringement and are apparently being directed to determine the likelihood of collectability in advance of any judgment and/or to use the threat of being associated with the alleged downloading of pornographic materials as a means to harass and/or embarrass Defendant which is wholly improper. Furthermore, Plaintiff's request as currently phrased would require Defendant to identify any training and/or experience with computer no matter how tangentially related or proximate in time to the Subject Day of the alleged interference. Defendant also objects to the nature of this interrogatory on the grounds that the term course or work to use computer devices and/or software is vague and ambiguous in that it is broad enough to include first generation languages such as Univac I, IBM 701, and other machine language programs, mnemonic and other second generation computer languages, third generation languages such as FORTRAN, LISP, and COBAL forth generation computer

languages such as C, C++, Visual Basic, and/or Pascal all of which were used decades ago and have no application to the current torrent based peer-to-peer programs being utilized on the world wide web. This objection shall be continuing and apply to any reference to the familiarity and/or training of any computer device as used throughout the course these interrogatory responses.

ANSWER SUBJECT TO OBJECTION: Notwithstanding said objections, Defendant agrees to answer any of the questions pertaining to his general background covering the topics identified above during the discovery period via his deposition and asserts that he is a computer technician at Baker College. He is in charge of maintaining servers, repairing computers and all software located on campus.

4. Identify by brand, trademark, model number, version and by any other relevant form of identifier each of the Computer Devices used in your home during the preceding two years and for each such Computer Device, state when it was purchased, from where it was purchased, who is authorized to use the Computer Device, who has been authorized to use the Computer Device, the times during which each such person was authorized to use the Computer Device, and identify the person who primarily uses the Computer Device.

OBJECTION: Defendant objects to the nature of this interrogatory in that it is not related to the instant action, is overly broad, unduly burdensome, and part of a calculated strategy intended to threaten Defendant with an intrusive invasion of unrelated personal information as retaliation for her failure to submit to Plaintiff's extortion tactics. Specifically, the location of where Defendant purchased any of the computer devices in his home is not reasonably calculated to yield any admissible evidence relating to Plaintiff claims of copyright infringement claims.

ANSWER SUBJECT TO OBJECTION: Notwithstanding said objection, Defendant asserts that to the best of his knowledge and/or belief after conducting a good faith inquiry into the above caption requests that the following computer devices were used in the home referenced on that date and/or time of the alleged infringement for the period two years prior to the Subject Date of the alleged infringement:

**Computers:** Apple Macbook Pro Purchased 08/30/12 from Apple Online Website and Dell Inspiron 1720 purchased on 01/25/08 r. In addition, Defendant has had had multiple Apple iPads and other people's laptops connected at his house. He has never kept a record of everyone that he has let use his wireless network at home let alone times.

5. Identify each wireless router or modem used in your home during the preceding two years and for each such device state the duration during which it was password protected. If you have changed the password for a wireless router or modem during the last two years, state when you changed the password and explain why you changed the password.

ANSWER: Defendant asserts that to the best of his knowledge and/or belief after conducting a good faith inquiry into the above caption requests that the following modem devices were used in the home for the two year period prior to the Subject Date of the alleged infringement:

3

Defendant's cable modem is provided by WOW and is not award when the device was installed or by whom. Defendant purchased and installed a Linksys wireless modem but does not recall when or where he purchased the unit. Defendant's wireless connection has been secured at times and unsecured at times such as when connecting new devices or allowing other people to access said connection.

6. For each Computer Device, wireless router and modem identified above, identify the person that installed it, connected it, or otherwise set it up, and each person that has moved, modified or otherwise controlled it.

ANSWER: Defendant asserts that to the best of his knowledge and/or belief after conducting a good faith inquiry into the above caption requests that the following modem devices were used in the home for the two year period prior to the Subject Date of the alleged infringement:

Defendant's cable modem is provided by WOW and is not award when the device was installed or by whom. Defendant purchased and installed a Linksys wireless modem but does not recall when or where he purchased the unit. Defendant's wireless connection has been secured at times and unsecured at times such as when connecting new devices or allowing other people to access said connection.

7. Describe your house, apartment, or dwelling in detail, including its configuration, the number of floors, and its size or approximate size in square feet, and identify the location inside your house, apartment, or dwelling that each of your Computer Device(s), wireless router(s) or modem(s) is located. For purposes of this response, kindly create a diagram similar to the one that follows but which more accurately reflects the shape of your house, apartment or dwelling:

OBJECTION: Defendant objects to the nature of this interrogatory in that it is not related to the instant action, is overly broad, vague, unduly burdensome, and part of a calculated strategy intended to threaten Defendant with an intrusive invasion of unrelated personal information as retaliation for her failure to submit to Plaintiff's extortion tactics. Specifically, the size and square footage of Defendant's home residence is not reasonably calculated to yield any admissible evidence relating to Plaintiff claims of copyright infringement and are apparently being directed to determine the likelihood of collectability in advance of any judgment which is proper.

ANSWER SUBJECT TO OBJECTION: House is approximately 1920 square feet. Laptop is mainly used on the first floor of the home where the router is located but have been used in other areas.

8. Identify each person who you provided with access to your wireless router(s) or modem(s) during the last two years, and state the duration during which each such person had

access to your wireless router(s) or modem(s).

OBJECTION: Defendant objects to the nature of this interrogatory in that it is not related to the instant action, is overly broad, vague, unduly burdensome, and part of a calculated strategy intended to threaten Defendant with an intrusive invasion of unrelated personal information as retaliation for her failure to submit to Plaintiff's extortion tactics.

ANSWER SUBJECT TO OBJECTION: Notwithstanding said objections, Defendant asserts that to the best of his knowledge and/or belief after conducting a good faith inquiry into the above caption requests that the following individuals had access to his internet router for the two year period prior to the Subject Date of the alleged infringement

Permanent Household members include Defendant (age 35) along with his father Dan Pontello (age 58) who runs his construction business out of Defendant's home.

      9.      For each person identified above, state his or her age or approximate age, describe his or her relationship to you, and state whether or not he or she used a password to connect to your wireless router or modem.

OBJECTION: Defendant objects to the nature of this interrogatory in that it is not related to the instant action, is overly broad, vague, unduly burdensome, and part of a calculated strategy intended to threaten Defendant with an intrusive invasion of unrelated personal information as retaliation for his failure to submit to Plaintiff's extortion tactics.

ANSWER SUBJECT TO OBJECTION: Notwithstanding said objections, Defendant asserts that to the best of her knowledge and/or belief after conducting a good faith inquiry into the above caption requests that the individuals listed above by name and approximate age had access to the internet router for the two year period prior to the Subject Date of the alleged infringement

Permanent Household members include Defendant (age 35) along with his father Dan Pontello (age 58) who runs his construction business out of Defendant's home.

      10.     Identify each person who was residing in or routinely visiting your home from March 25, 2012 to April 12, 2013 (the "Period of Recorded Infringement"), and state whether each such person had access to your Computer Device(s), wireless router(s) or modem(s).

ANSWER: Defendant asserts that he has no specific knowledge or memory of each individual and/or person who was at his home of the Subject Day but asserts that the individuals identified in response to interrogatory number 9 may have been present.

      11.     Identify any communication you have received from your ISP in the last two years including any changes regarding the terms of your contract or agreement, and any notices you have received, including but not limited to notices of copyright infringement.

OBJECTION: Defendant objects to the nature of this interrogatory in that it is not related to the

5

instant action, is overly broad, vague, unduly burdensome, and part of a calculated strategy intended to threaten Defendant with an intrusive invasion of unrelated personal information as retaliation for his failure to submit to Plaintiff's extortion tactics.

ANSWER SUBJECT TO OBJECTION: Notwithstanding said objection, Defendant asserts that to the best of his knowledge and/or belief after conducting a good faith inquiry into the above caption requests that the only notice or communication that she received was a notification from his internet service provider sometime in the middle of 2013. .

12. For each of the Computer Devices identified in your response to Interrogatory No. 4, identify by brand, trademark, model number, version and any other form of identifier each of the video or audio players and other programs which enable you to view videos, TV, DVDs, movies, or listen to music, and in your answer identify which of those players or programs were operational from March 25, 2012 to April 12, 2013 (the "Period of Recorded Infringement")

OBJECTION: Defendant objects to the nature of this interrogatory in that it is not related to the instant action, is overly broad, unduly burdensome, and part of a calculated strategy intended to threaten Defendant with an intrusive invasion of unrelated personal information as retaliation for her failure to submit to Plaintiff's extortion tactics. Furthermore, Plaintiff's request as currently phrased would require Defendant to examine and identify the internal operations and workings of each electronic device and/or player on each of the computer devices listed in response to the preceding interrogatory question which may result in violations of the Digital Millennium Copyright Act.

ANSWER SUBJECT TO OBJECTION: Notwithstanding said objection, Defendant asserts that to the best of his knowledge and/or belief after conducting a good faith inquiry into the above caption requests that in addition to the factory installed media players on each respective computer device are as follows:.

Windows media player, iTunes and VLC player installed on my computer at home.

13. When, how and where did you first learn about BitTorrent, who was with you when you first learned about BitTorrent.

ANSWER: Defendant asserts that he has no specific knowledge or memory of when he first learned about BitTorrent nor is he able to recall who was with him when he first learned about BitTorrent, but became aware of its existence while trying to understand the basis of the claims against him in the underlying suit.

14. Identify each person, including yourself, if applicable, whom you know, at any time in the past, has used BitTorrent or any other type of peer-to-peer file sharing program.

OBJECTION: Defendant objects to the nature of this interrogatory in that it is not related to the instant action, is overly broad, unduly burdensome, and part of a calculated strategy intended to threaten Defendant with an intrusive invasion of unrelated personal information as retaliation for her failure to submit to Plaintiff's extortion tactics. Plaintiff's complaint specifically alleges that the download and/or exchange of its copyrighted material was conducted through a BitTorrent

swarm exchange in which Defendant's IP address was identified to that extent the use of any other peer-to-peer file sharing programs is outside the scope of Plaintiff's claims and not relevant to the alleged acts of Copyright infringement on the Subject Day. Furthermore, Defendant objects to the nature of the term BitTorrent in that it was one of a number of peer-to-peer programs using the torrent name in part and fails to identify whether the subject of the request is limited to the proprietary name BitTorrent, or other different programs using a variant of the name for which some examples are: Torrentz, ISO Hunt, Seedpeer, 1337x.org, Fenopy, Torrentscope, Onlytorrents, Sumotorrents, Torrentcrazy, Torrentdowloads, Kickasstorrents, torrentreactor, etc.

ANSWER SUBJECT TO OBJECTION: Notwithstanding said objection, Defendant asserts that to the best of his knowledge and/or belief after conducting a good faith inquiry into the above captioned request Defendant believes that one or more of the household residents and/or household guests may have utilized BitTorrent at some point whether on one or their computer devices or through his NAS network but has no knowledge as to what if anything was done by them.

15. Identify each BitTorrent Client, in other words software program that enables the BitTorrent protocol to work, which is or has ever been installed on one of the Computer Devices in your home.

OBJECTION: Defendant objects to the nature of this interrogatory in that it is not related to the instant action, is overly broad, unduly burdensome, and part of a calculated strategy intended to threaten Defendant with an intrusive invasion of unrelated personal information as retaliation for her failure to submit to Plaintiff's extortion tactics. Plaintiff's complaint specifically alleges that the download and/or exchange of its copyrighted material was conducted through a BitTorrent swarm exchange in which Defendant's IP address was identified to that extent the use of any other peer-to-peer file sharing programs is outside the scope of Plaintiff's claims and not relevant to the alleged acts of Copyright infringement on the Subject Day. Furthermore, Defendant objects to the nature of the term BitTorrent in that it was one of a number of peer-to-peer programs using the torrent name in part and fails to identify whether the subject of the request is limited to the proprietary name BitTorrent, or other different programs using a variant of the name for which some examples are: Torrentz, ISO Hunt, Seedpeer, 1337x.org, Fenopy, Torrentscope, Onlytorrents, Sumotorrents, Torrentcrazy, Torrentdowloads, Kickasstorrents, torrentreactor, etc.

ANSWER SUBJECT TO OBJECTION: Notwithstanding said objection, Defendant asserts that to the best of his knowledge and/or belief after conducting a good faith inquiry into the above captioned request Defendant believes that one or more of the household residents and/or household guests may have utilized BitTorrent at some point whether on one or their computer devices or through his NAS network but has no knowledge as to what if anything was done by them.

16.     Identify each BitTorrent file that you have downloaded, and each BitTorrent website that you have visited.

OBJECTION: Defendant objects to the nature of this interrogatory in that it is not related to the instant action, is overly broad, unduly burdensome, and part of a calculated strategy intended to threaten Defendant with an intrusive invasion of unrelated personal information as retaliation for her failure to submit to Plaintiff's extortion tactics. Plaintiff's complaint specifically alleges that the download and/or exchange of its copyrighted material was conducted through a BitTorrent swarm exchange in which Defendant's IP address was identified to that extent the use of any other peer-to-peer file sharing programs is outside the scope of Plaintiff's claims and not relevant to the alleged acts of Copyright infringement on the Subject Day. Furthermore, Defendant objects to the nature of the term BitTorrent in that it was one of a number of peer-to-peer programs using the torrent name in part and fails to identify whether the subject of the request is limited to the proprietary name BitTorrent, or other different programs using a variant of the name for which some examples are: Torrentz, ISO Hunt, Seedpeer, 1337x.org, Fenopy, Torrentscope, Onlytorrents, Sumotorrents, Torrentcrazy, Torrentdowloads, Kickasstorrents, torrentreactor, etc.

ANSWER SUBJECT TO OBJECTION: Notwithstanding said objection, Defendant asserts that to the best of his knowledge and/or belief after conducting a good faith inquiry into the above captioned request Defendant believes that one or more of the household residents and/or household guests may have utilized BitTorrent at some point whether on one or their computer devices or through his NAS network but has no knowledge as to what if anything was done by them.

17.     For each of your Computer Devices, identify each program used to encrypt, destroy, erase, delete, or wipe out files or data from said Computer Device; and any program used to mask, switch or hide your IP address or email address.

ANSWER: Defendant asserts that to the best of his knowledge and/or belief after conducting a good faith inquiry into the above caption requests he does not believe that there are any encryption or other file cleaning programs (other than any registry cleaning or systems maintenance programs which are part of the computer operating system) on any of the computer devices in his care custody and control.

18.     Identify each website, blog or message board, which you have visited, or to which you have subscribed, posted or hosted, which refers to, relates to, or discusses, internet piracy, BitTorrent, file sharing, or which provides information to people regarding suits which allege that people have committed on-line copyright infringement.

OBJECTION: Defendant objects to the nature of this interrogatory in that it is not related to the instant action, is overly broad, unduly burdensome, and part of a calculated strategy intended to threaten Defendant with an intrusive invasion of unrelated personal information as retaliation for her failure to submit to Plaintiff's extortion tactics. Plaintiff's complaint specifically alleges that the download and/or exchange of its copyrighted material was conducted through a BitTorrent swarm exchange in which Defendant's IP address was identified to that extent the use of any other peer-to-peer file sharing programs is outside the scope of Plaintiff's claims and not relevant

to the alleged acts of Copyright infringement on the Subject Day. Furthermore, Defendant objects to the nature of the term BitTorrent in that it was one of a number of peer-to-peer programs using the torrent name in part and fails to identify whether the subject of the request is limited to the proprietary name BitTorrent, or other different programs using a variant of the name for which some examples are: Torrentz, ISO Hunt, Seedpeer, 1337x.org, Fenopy, Torrentscope, Onlytorrents, Sumotorrents, Torrentcrazy, Torrentdowloads, Kickasstorrents, torrentreactor, etc. Finally, Plaintiff is seeking information as to how he came about information that may have offered assistance including legal assistance with regard to the handling and/or defense of the claims against him which is not relevant to the claims nor is it reasonably calculated to lead to the discovery of admissible evidence and is a transparent attempt to try and stifle informational sources that offer assistance to similarly situated individuals.

ANSWER SUBJECT TO OBJECTION: Notwithstanding said objection, Defendant asserts that to the best of his knowledge and/or belief after conducting a good faith inquiry he visited one or more internet sites that discussed the aspects of similar copyright litigation cases across the country. Defendant asserts that he has no specific knowledge or memory of any of the sites that he may have visited.

19. Explain in detail what you posted on each website, blog or message board identified above and any information that you learned from said website, blog or message board.

ANSWER: Defendant incorporates the answer and objection as set forth in interrogatory number 18

20. Which internet browsers do you use and have you searched for X-Art, Malibu Media or torrent files?

OBJECTION: Defendant objects to the nature of this interrogatory in that it is compound in nature and cannot be answered in its individual components without incorporating and affirmative response to the second part of the question (i.e. that Defendant has in fact viewed X-Art, Malibu Media or other torrent files though his internet browser)

ANSWER SUBJECT TO OBJECTION: Notwithstanding said objection, Defendant asserts that to the best of his knowledge and/or belief after conducting a good faith inquiry into the above caption requests that he has utilized windows explorer and/or Mozilla firefox as internet browsers for each of the computer devices that he used or that were in his care custody and control.

21. Have you ever knowingly downloaded a song, movie, game, software program or computer file from a file sharing service? For purposes of your answer "file sharing service" should be interpreted to mean any peer-to-peer, streaming, one click, storage locker or other type of service that provides content for free or for a monthly subscription. Examples of these types of services include but are limited to Napster, Limewire, BitTorrent, MegaUpload, Piratebay, Utorrent, Extratorrent and Grokster.

9

OBJECTION: Defendant objects to the nature of this interrogatory it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Specifically, Plaintiff lacks standing to assert any claims with regard to any downloaded or distributed content other than its own works therefore, other works that may have been downloaded streamed or clicked on are immaterial to the claims at issue. In addition, Defendant objects to the nature of the request as phrased in that it is compound in nature and included acts of exchange that are entirely lawful and seeks to utilized the defined lawful downloads, viewing and subscription based exchange as being tantamount or equivalent to unlawful distribution through one of numerous media distribution system. The answers to each implies individualized facts and assumptions that cannot reasonably be responded to in the current form.

ANSWER SUBJECT TO OBJECTION: Notwithstanding said objection, Defendant asserts that to the best of his knowledge and/or belief after conducting a good faith inquiry into the above caption requests he has never downloaded any media content (i.e. audio, video, etc.) associated with Plaintiff's registered works nor has he utilized any file sharing programs.

      22.    Have you or anyone who has had access to a wireless router(s) or modem(s) in your home visited an adult website within the last two years?

OBJECTION: Defendant objects to the nature of this interrogatory in that it is not related to the instant action, is overly broad, vague, unduly burdensome, and part of a calculated strategy intended to threaten Defendant with an intrusive invasion of unrelated personal information as retaliation for his failure to submit to Plaintiff's extortion tactics. The nature of the request is deliberately calculated to elicit information by which Plaintiff can then use to embarrass him as a viewer of pornography in order to facilitate a coercive and/or extortionate settlement or demand. Accordingly, no response is warranted.

      23.    Have you ever watched x-rated, adult or pornographic movies or live feeds (collectively, "adult content")? If so, when approximately was the last time you watched adult content, how often do you watch adult content, which studios do you prefer, and what type of movies do you prefer?

OBJECTION: Defendant objects to the nature of this interrogatory in that it is not related to the instant action, is overly broad, vague, unduly burdensome, and part of a calculated strategy intended to threaten Defendant with an intrusive invasion of unrelated personal information as retaliation for his failure to submit to Plaintiff's extortion tactics. The nature of the request is deliberately calculated to elicit information by which Plaintiff can then use to embarrass him as a viewer of pornography in order to facilitate a coercive and/or extortionate settlement or demand. Accordingly, no response is warranted.

      24.    Have you ever subscribed to an internet company distributing adult content? If so, identify the company and state the period of time that you were a subscriber.

OBJECTION: Defendant objects to the nature of this interrogatory in that it is not related to the

instant action, is overly broad, vague, unduly burdensome, and part of a calculated strategy intended to threaten Defendant with an intrusive invasion of unrelated personal information as retaliation for his failure to submit to Plaintiff's extortion tactics. The nature of the request is deliberately calculated to elicit information by which Plaintiff can then use to embarrass him as a viewer of pornography in order to facilitate a coercive and/or extortionate settlement or demand. Accordingly, no response is warranted.

Dated: February 6, 2014

_____
JOHN T. HERMANN (P52858)
Attorney for the Defendant
2684 West Eleven Mile Road
Berkley, MI 48072
(248) 591-9291

## VERFICATION OF INTERROGATORY ANSWERS

I certify that by signing hereto I have reviewed the statements contained in the in the responses to the foregoing interrogatory questions and find them to be true and accurate to the best of my knowledge.

_____
JASON PONTELLO

STATE OF MICHIGAN       )
                        ) SS:
COUNTY                  )

I hereby acknowledge that the above named individuals personally came before me this 4th day of February, 2014, and executed the foregoing instrument.

_____
Notary Public
My Commission Expires On:

PAULA A. WATRIPONT
Notary Public, State of Michigan
County of Macomb
My Commission Expires Jul. 31, 2018
Acting in the County of Macomb

12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) Case No. 2:13-cv-12197 |
| | ) Hon. Gershwin A. Drain |
| Plaintiff, | ) |
| | ) |
| JASON PONTELLO, | ) |
| | ) |
| Defendant. | ) |

| | |
|---|---|
| PAUL J. NICOLLETTI  (P-44419) | JOHN T. HERMANN  (P-52858) |
| Attorney for Plaintiff | Attorney for Defendant |
| 36880 Woodward Ave, Suite 100 | 2684 West Eleven Mile Road |
| Bloomfield Hills, MI 48304 | Berkley, MI 48072 |
| (248) 203-7801 | (248) 591-9291 |

## PROOF OF SERVICE

**STATE OF MICHIGAN**       )
                            ) SS.
**COUNTY OF OAKLAND**       )

JOHN T. HERMANN, being first duly sworn, deposes and says that on February 6, 2013 he served U.S. Mail a copy of Defendant's Interrogatories, Request for Production of Documents, Request for Admissions along Defendant's Responses to Plaintiff's Interrogatories and Request for Production of Documents along with a copy of this Proof of Service on Plaintiff's counsel whose address is 36880 Woodward Ave, Suite 100 Bloomfield Hills, MI 48304

_____
JOHN T. HERMANN (P-52858)
Attorney for Defendant
2684 West Eleven Mile Road
Berkley, MI 48072
(248) 591-9291