

**NICOLETTI LAW, PLC.**
Attorneys And Counselors
33717 Woodward Avenue, #433
Birmingham, Michigan 48009
(248) 203-7800 Telephone
(248) 203-7801 Facsimile
**********
Email: paul@nicoletti-associates.com

Thursday, March 6, 2014

*Via PDF E-Mail*
John Hermann
2684 West Eleven Mile
Berkley, MI 48072
Phone: (248) 591-9291
Fax: (218) 741-6410

Re:  Defendant's Response to Plaintiff's Interrogatories and Request to Produce; Malibu Media, LLC v. Jason Pontello; E.D. Mich. Case No. 2:13-cv-12197

Mr. Hermann:

This letter is being written in advance of a Fed. R. Civ. P. 37(a)(1) good faith conference. As you know such a conference is a condition precedent to filing a motion to compel. And, our client currently intends to file a motion to compel unless we are able to resolve the discovery issues raised in this letter.

Toward that end, I reviewed your client's discovery responses and several of them are materially deficient. To make the good faith conference easier, this letter identifies and explains the issues and deficiencies.

A.  **Issues and Deficiencies With Defendant's Response to Plaintiff's Request to Produce**

**Request Nos. 1 and 2:** Request No. 1 seeks, "[a] complete copy of the hard drive for each of the Computer Devices in [Defendant's] house, apartment or dwelling," and request No. 2 seeks, "[a]ll documents referring, relating to or comprising records of your internet browser's activity." Your client states that upon entry of a suitable protective order, Defendant would produce his computer device hard drives. Attached please find a proposed protective order. If it is acceptable, please let me know and I will file a joint motion for the entry of an order adopting the stipulated protective order. If it is not acceptable, please return a stipulated protective order to undersigned within three (3) business days that you do find acceptable.

# EXHIBIT B

**Requests No. 3 and 4:** Request No. 3 seeks "[a]ll documents referring, relating to or comprising records associated with the purchase of a Computer Device," and request No. 4. seeks "[a]ll documents referring, relating to or comprising records associated with the purchase of a modem or wireless router." Your client's response indicates that he is not in possession of any such documents. However, the purchase of any device would be evidenced by receipts, credit card and/or bank statements. This information is relevant to ascertain when your client purchased these devices. Recent purchases may be indicative of device malfunctions caused by viruses associated with BitTorrent use or your client's replacement of a device that contained evidence of BitTorrent use. This may be relevant to an argument that Plaintiff may need to make asserting that your client destroyed material evidence (which from experience, we know happens often).

**Request No. 5:** Plaintiff requested all documents referring, relating to or comprising records associated with your use of a modem or wireless router, including any accompanying user guides, hand books, access codes, passwords, account information, guest account information, warning statements, or other information pertaining to the set-up, use, and control of the wireless router or modem. Your client's response indicates that he is not in possession of any such documents. However, the use of a modem or wireless router would be evidenced by the production of the devices themselves. However, clear photographs of all sides of the devices are sufficient. Additionally, user guides can be found online, and passwords and guest account information can only be in Defendant's possession.

**Request No. 7:** Plaintiff requested all documents referring, relating to or comprising written communications between the Defendant and the Defendant's ISP, including all contracts, agreements, usage statements, bills, payments, and Digital Millennium Copyright Act notices. Your client's response references a letter in connection with this case. However, an adequate response to this request would consist of *several* documents which would include contracts, agreements, usage statements, bills, payments, and DMCA notices that your client received. Such documents may contain monthly internet usage capacity or other information that would make BitTorrent use probable and may otherwise yield admissible evidence relating to Plaintiff's claim. Defendant is in possession, custody, or control of his monthly ISP bills because he has access to this information through his ISP.

**Request No. 8:** Plaintiff asked for all documents, including credit card statements, receipts, or other statements referring to or relating to the purchase and installation of antivirus software for use on a Computer Device in the Defendant's house, apartment or dwelling. Your client objected, claiming that his personal financial records are not reasonably calculated to yield admissible evidence and that such a request was being directed to determine the likelihood of collectability in advance of any judgment. Plaintiff's request is based on the widely known fact

2

that BitTorrent software makes a user susceptible to computer viruses. Any purchase of antivirus software would make BitTorrent use probable which is relevant to Plaintiff's case.

**Request No. 15:** Plaintiff requested any documents pertaining to receipts of purchases, credit card statements, checks cashed, bank account statements, or travel documents dating two months before and until and including two months after the time of the alleged infringement that would indicate that the Defendant was not at the residence or within the control of the IP address at or around the time of infringement. Your client objected, claiming that his personal financial records are not reasonably calculated to yield admissible evidence and that such a request was being directed to determine the likelihood of collectability in advance of any judgment. The purpose of the request is to determine who was at the residence on the dates of detected infringement (the "Subject Days"). If your client intends to later assert the defense that he was not at the residence during each of the Subject Days, then he must produce the requested documents because they are relevant. If he does not assert this defense, please state that no such documents exist.

**Request No. 16:** Seeks "[a]ny documents or contracts pertaining to ownership of the property, title of the home or apartment, or any existing lease, rental agreements, sublet agreements, or documents relating to any legal notice of tenants or residents authorized to live in the property at the time of the infringement." Your client objected, claiming that his personal financial records are not reasonably calculated to yield admissible evidence and that such a request was being directed to determine the likelihood of collectability in advance of any judgment. The purpose of this request is to determine who was at the residence on the Subject Days. If your client intends to later state that a tenant resided at the property, then he must produce that lease agreement. If no such tenant exists, then he must submit a proper answer indicating that no such tenant or document exists.

**Request No. 17:** Seeks "[a]ll documents pertaining to any electronic correspondence issued from the computer devices to any other device able to connect to the internet including all emails, instant messages, social network postings, chat room comments, and any and all other forms of electronic communication in the last six months that mentions or relates to the 'Work.'" Your client objected to the nature of the request claiming that it seeks information about his communication with outside sources that offered guidance and/or assistance to individuals who have been sued or are threatened with suit for the same or similar conduct as alleged in Plaintiff's complaint. In addition, your client stated that participation in advisory and/or informational chat rooms, web sites and/or online information is a legitimate part of Defendant's defense and presentation and the request is wholly improper in that it is attempting to identify and weed out informational sources that offer assistance to similarly situated individuals. Your client's objections are baseless; no privilege exists between the Defendant and any "outside sources that offered guidance and/or assistance" unless any such person is an attorney. Further,

3

Plaintiff is merely attempting to discover relevant information about the Defendant's interest in Plaintiff's "Work" which is relevant and may lead to admissible evidence.

**Request No. 19:** Seeks "[a]ny documents that contain credit card or bank statements relating to purchases of electronic equipment and computer devices at any and all electronics retail stores in the past 48 months." Your client objected to the request claiming that his personal financial records are not reasonably calculated to yield admissible evidence and that this request was being directed to determine the likelihood of collectability in advance of any judgment. The purpose of this request is to ascertain when any of these devices were purchased, particularly either before or after commencement of this suit. Plaintiff believes that individuals discard computers and often replace them after learning of this dispute; also, these recent purchases may be indicative of malfunctions caused by BitTorrent use in discarded devices and are therefore relevant to Plaintiff's claim.

### B. Issues and Deficiencies with Defendant's Response to Plaintiff's Interrogatories

**Interrogatory No. 4:** Plaintiff requested that your client "[i]dentify by brand, trademark, model number, version and by any other relevant form of identifier each of the Computer Devices used in [Defendant's] home during the preceding two years and for each such Computer Device, state when it was purchased, from where it was purchased, who is authorized to use the Computer Device, who has been authorized to use the Computer Device, the times during which each such person was authorized to use the Computer Device, and identify the person who primarily uses the Computer Device." Your client objected to the interrogatory, claiming that it is not related to the instant action, is overly broad, unduly burdensome, and part of a calculated strategy intended to threaten the Defendant. In addition, your client claims that the location of where the Defendant purchased any of the computers is not reasonably calculated to yield any admissible evidence. The claim that this interrogatory is overly broad is unfounded. Request No. 4 was intentionally written to be as *specific* as possible in that it requests a list of every computer device (brand and model number) in the home within the past two years. Further, such specifics are requested to determine a computer's BitTorrent capability. The claim that this interrogatory is unduly burdensome is also unfounded. Obtaining this information would merely require the defendant to examine each device within the home, which would take just a few minutes. The request for the (a) date of purchase, (b) business it was purchased from, (c) individuals authorized to use the device, (d) times each person was authorized to use the device, and (e) the individual who primarily uses the device, are all relevant in determining possible infringers in this instant action. In addition, a device's place of purchase is material in verifying with a seller if the Defendant purchased other computers from the seller. Defendant's answer, which only states the computer brand, date of purchase, and place of purchase is materially deficient because it fails to include a list of potential users, and times during which each person

4

may have used the device. Your client must answer with more specificity and include all information listed above for *each* of the devices.

**Interrogatory No. 5:** Plaintiff requested that your client identify each wireless router or modem used in his home during the preceding two years and for each such device to state the duration during which it was password protected. Further, the request asked if the password has ever been changed during the last two years, and to state when and why it was changed. Defendant's response is materially deficient because he failed to sufficiently identify each device by brand name and model number. Without this information, Plaintiff cannot examine the capabilities of the devices. Additionally, Defendant failed to state the duration in which the devices were password protected, if the password has ever been changed during the last two years, and why it was changed.

**Interrogatory No. 6:** Plaintiff requested that for each Computer Device, wireless router and modem identified above, identify the person that installed it, connected it, or otherwise set it up, and each person that has moved, modified or otherwise controlled it. Defendant's response fails to identify the individual who installed, connected, set up, and controlled the Linksys wireless modem and the two computer devices in Defendant's home.

**Interrogatory No. 12:** Plaintiff requested that for each of the Computer Devices identified in Defendant's response to Interrogatory No. 4, identify by brand, trademark, model number, version and any other form of identifier each of the video or audio players and other programs which enabled Defendant to view videos, TV, DVDs, movies, or listen to music, and in Defendant's answer identify which of those players or programs were operational on each of the Subject Days. Your client's response provides the titles of three (3) media players. This response is vague and fails to include the model number or version of each of these programs. Further, it fails to identify which of the two computer devices within the home these programs were installed on.

**Interrogatory No. 15:** Plaintiff requested that your client identify each BitTorrent Client that enables the BitTorrent protocol to work, which is or has ever been installed on one of the Computer Devices in his home. Defendant's response states that one or more of the household residents and/or household guests may have utilized BitTorrent at some point whether on one of their computer devices or through the NAS network but that Defendant has no knowledge as to what if anything was done by them. Defendant failed to state the name of the BitTorrent Clients that have ever been installed on one of the computer devices in his home.

**Interrogatory No. 20:** Plaintiff requested that Defendant state which internet browsers he uses and if he has searched for X-Art, Malibu Media, or torrent files. Although Defendant's response identified the internet browsers he uses, he neglected to state whether he has searched

5

for X-Art, Malibu Media, or torrent files. Defendant asserted that the Interrogatory is compound and that it calls for an affirmative response. Plaintiff's interrogatory is not compound. If the subparts to an interrogatory are necessarily related to the "primary question," the subparts should be counted as one interrogatory rather than as multiple interrogatories. *See Harhara v. Norville*, 2007 WL 2897845 at *1 (E.D. Mich., 2007). In this instance, an individual can only search for Plaintiff's content and torrent files using an internet browser. Therefore, the second component of the interrogatory is directly related to the primary question, to which Defendant failed to provide a complete answer. Plaintiff's interrogatory does not call for an affirmative response because if Defendant has not searched for Plaintiff's content, he can simply answer in the negative. Therefore, Defendant's objections are meritless and Defendant's response is incomplete.

**Interrogatory No. 21:** Plaintiff asked if Defendant "ever knowingly downloaded a song, movie, game, software program or computer filed from a file sharing service." For purposes of the answer "file sharing service" should be interpreted to mean any peer-to-peer, streaming, one click, storage locker or other type of service that provides content for free or for a monthly subscription. Examples of these types of services include but are limited to Napster, Limewire, BitTorrent, MegaUpload, Piratebay, Utorrent, Extratorrent and Grokster. Defendant objected, claiming that this request includes acts of exchange that are lawful. Further, Defendant objects claiming that this interrogatory seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant's response fails to state whether Defendant has used any type of service that provides content for free or for a monthly subscription. The purpose of this interrogatory is to ascertain Defendant's computer knowledge and skill level. Such information is relevant and is reasonably calculated to lead to the discovery of admissible evidence given that a Defendant's high level of computer skills makes the likelihood of BitTorrent use more probable. This is relevant to an argument that Defendant had the necessary knowledge and skill to download Plaintiff's copyrighted works.

**Interrogatory No. 22:** Plaintiff asked if Defendant, or anyone who had access to a wireless router(s) or modem(s) in Defendant's home, visited an adult website within the last two years. Defendant objected on the grounds that the request is not related to the instant action, is overly broad, vague, unduly burdensome, and part of strategy to threaten and embarrass the Defendant. The illegal download and distribution of Plaintiff's copyrighted works are at the center of this litigation. While Plaintiff understands the sensitive nature of these requests, Defendant's tendency and frequency to visit an adult website is directly related to this action because Plaintiff's copyrighted works are also adult content. Plaintiff has limited the scope of the request to "within the last two years" and therefore the request is not overly broad. Further, to avoid any confusion or vagueness, "adult website" refers to a website that contains any media (audio or video) depicting sexual acts.

**Interrogatory No. 23:** Plaintiff asked if Defendant has ever watched x-rated, adult or pornographic movies or live feeds (collectively, "adult content") and if so, when approximately was the last time Defendant watched adult content, how often does the Defendant watch adult content, and which studios and types of movies does the Defendant prefer. Defendant objected on the grounds that the request is not related to the instant action, is overly broad, vague, unduly burdensome, and part of strategy to threaten and embarrass the Defendant. Again, the illegal download and distribution of Plaintiff's copyrighted works are at the center of this dispute. Defendant's tendency and frequency to visit an adult website is directly related to this action, as Plaintiff's copyrighted works are of the same genre (adult entertainment cinema). In addition, Plaintiff's copyrighted work is erotica of high cinematic quality that is artistic and acceptable to women and couples. The inquiry into studios and types of movies the Defendant may watch is highly relevant given the Plaintiff's niche within the adult entertainment market. Further, any preference to studios that produce similar content can demonstrate a likelihood of infringement and may lead to the discovery of admissible evidence.

**Interrogatory No. 24:** Plaintiff asked where the Defendant procures adult content to watch and if the Defendant has ever subscribed to an internet company distributing adult content. Defendant objected on the grounds that the request is not related to the instant action, is overly broad, vague, unduly burdensome, and part of strategy to threaten and embarrass the Defendant. As previously stated above, the illegal download and distribution of Plaintiff's copyrighted works are at the center of this dispute. In addition, Plaintiff's copyrighted works are available on Plaintiff's website (X-Art.com) through a subscription. Defendant's membership to other adult content websites can demonstrate Defendant's tendency and frequency to visit an adult website. This is directly related to this action, can establish a likelihood of infringement, and may lead to the discovery of admissible evidence.

**Interrogatory No. 25:** Plaintiff asked if there is anyone in Defendant's personal or professional life that he does not want to know that he watched adult content and to explain who and why. Defendant objected on the grounds that the request is not related to the instant action, is overly broad, vague, unduly burdensome, and part of strategy to threaten and embarrass the Defendant. Because Plaintiff understands the sensitive nature of these requests, it has asked Defendant to provide a list of individuals that Defendant does not want to know that he watched adult content. This request was not made with the intent to embarrass, but so that Plaintiff can consider the Defendant's requests when proceeding forward with the case.

C. **Conclusion**

It is important that we resolve the issues discussed above as soon as possible. I am available to speak with you on March 9, 2014, at 10:00 a.m. Please let me know if this is a suitable time to schedule a phone call or if another date and time is more convenient.

Sincerely,

**NICOLETTI LAW, PLC**

Paul J. Nicoletti