LAW OFFICES
## JOHN T. HERMANN, P.C.
2684 WEST ELEVEN MILE ROAD
BERKLEY, MICHIGAN 48072

FACSIMILE
(248) 591-2304

TELEPHONE (248) 591-9291

E-MAIL
hermannlawoffices@comcast.net

RECEIVED APR 1 2 2014 BY:

April 10, 2014

Nicoletti & Associates PLLC
Attn: Paul J. Nicoletti, Esq.
33717 Woodward Avenue, #433
Birmingham, MI 48009

    Re:    *Malibu Media, LLC v. Jason Pontello*
            *Case No. 2:13-cv-12197*

Dear Mr. Nicoletti:

    In connection with the above captioned case, I am in receipt of your letter dated March 6, 2014 regarding the discovery responses served by Mr. Pontello In order to clarify my position I am responding to each of the areas in your letter as follows:

**Request No. 1. And 2:**

    With regard to the inspection of any of Mr. Pontello's computer devices, I am prepared to execute the Stipulated Protective Order provided the order is revised as follows: Paragraph 1 should read "Plaintiff will engage the services of Patrick Paige ("Mr. Paige") of Computer Forensics, LLC to perform the imaging, extraction, investigation, and examination of relevant non-privileged data from each of the hard drives identified in Defendant's response prior to document requests." Paragraph 2 should read "Defendant represents and warrants that all computer device hard drives, video game consoles, and electronic storage devices (collectively, the "hard drives") in use at his residence during the applicable period of alleged recorded infringement will be made available to Mr. Patrick Paige for imaging. The applicable period of alleged recorded infringement is from March 25, 2012 through April 12, 2013."

**Request No. 3, 4, 8, 15, 16, 19**

    With regard to your request seeking production of documents (i.e. credit card statements, customer agreements, deeds, etc.) that are not in my client's possession, I stand by my objections at this point. I understand your position that this information may be helpful in ascertaining what if any programs and/or software may have been installed on her computer; however, I believe that the Mr. Pontello's statements that he is not in possession of any of this information is sufficient. The issue in this case is whether Mr. Pontello utilized a Torrent system to download the copyrighted videos identified in your complaint. Accordingly, a request seeking information about other computer programs he may have on her computer is not relevant at this point. As to any other individuals residing at her home location who may have had access to her internet connection, Mr. Pontello has already identified those individuals by name. Notwithstanding said objection, I will verify that my client has made a good faith effort to obtain the records pertaining to the purchase of the computer devices (i.e. Apple Macbook Pro and Dell Inspiron 1720) by contacting each of the vendors and was

# EXHIBIT C

unable to obtain any documentation as it was not available. Similarly, I will verify that my client has made a good faith effort to obtain the records pertaining to Modem supplied by Wide Open West by contacting them and was unable to obtain any documentation as it was not available. With regard to the previously identified Linxsys router, my client does not recall where or when the device was purchased and is therefore unable to contact the vendor or retail outfit in order to obtain the requested documentation.

**Request No. 7**

The only notification letter that Ms. House received is the letter dated July 2, 2012 which is attached hereto.

**Request No. 8:**

With regard to your request seeking production of documents (i.e. credit card statements, deeds, customer agreements) that are not in my client's possession, I stand by my objections at this point. Any information responsive to this request is incorporated in response to document request no. 3 and 4

**Requests No. 15, 16, 17, and 19**

With regard to your request seeking production of documents (i.e. credit card statements, deeds, customer agreements) that are not in my client's possession, I stand by my objections at this point. I understand your position that this information may be helpful in ascertaining what if any programs and/or software may have been installed on her computer; however, I believe that the Mr. Pontello's statements that he is not in possession of any of this information is sufficient. The issue in this case is whether Mr. Pontello utilized a Torrent system to download the copyrighted videos identified in your complaint. Accordingly, a request seeking information about other computer programs he may have on her computer is not relevant at this point. As to any other individuals residing at her home location who may have had access to her internet connection, Mr. Pontello has already identified those individuals by name. Notwithstanding said objection, I am prepared to have my client attest that are no written lease and/or rental agreements for any of the other household residents. With regard to any information as to whether BitTorrent software was installed, utilized or deleted from any computer device has agreed to allow for the inspection of any and all household computer devices.

**Interrogatory No. 4, 5, and 5:**

This interrogatory seeks the same information which is the subject matter of Request for Production No. 3, 4, and 8, which Mr. Pontello has offered to produce subject to the attached Protective Order and/or Non-Disclosure Agreement. Additional identifying information has been previously responded to (i.e. Apple Macbook Pro purchased from Apple Online Website and Dell Inspiron 1720, Wireless Router supplied by Wide Open West, additional Linxsys origins of purchase unknown) To the extent that you are seeking additional information regarding the approximate date of the purchase and/or records, I am prepared to supply additional information verifying my clients good faith efforts to locate any records consistent with response to request 3, 4, and 8.

**Interrogatory No. 6**

This interrogatory was adequately responded to by Mr. Pontello in which he indicated that he installed the prior Linxsys router and Wide Open West installed the current Wireless Router.

**Interrogatory No. 12**

This interrogatory was adequately responded to by Mr. Pontello in which he indicated that he utilized the factory installed media player along with a Windows Media Player, I Tunes, and a VLC player.

**Interrogatory No. 15**

This interrogatory was adequately responded to by Mr. Pontello in which he indicated that he has no knowledge as to what BitTorrent programs were used over by other individuals over his NAS network.

**Interrogatory No. 20**

This interrogatory was adequately responded to by Mr. Pontello in which he indicated that he has utilized Mozilla Firefox as his internet browser. Notwithstanding said response, I will verify whether my client recalls knowingly searching for any torrent files pertaining to Malibu Media and/or X-Art.

**Interrogatory No. 21, 22, 23, and 24:**

As to the remaining questions, it is my position your efforts to elicit information about Mr. Pontello's knowledge and skill level has been adequately responded to in response to interrogatory number 2. To that extent, Defendant does not contest that he is familiar with computer system operations. However the interrogatories as phrased all assume that Mr. Pontello did, in fact, use a Torrent program to view and/or download the copyrighted materials owned by your clients. Since Mr. Pontello has vehemently denied these accusations, he cannot identify using something that he hasn't used. In addition, one or more of your interrogatory questions seeks information about his propensity to view pornography on the internet. Whatever sites she may have visited and/or viewed are not relevant in determining based on the allegations in your complaint (i.e. that he utilized BitTorrent to download and/or exchange the referenced copyrighted materials owned by your client If you have questions, please feel free to contact me at the address and/or information listed above. Thank you for your anticipated cooperation.

                                              Very Truly,

                                              /s/ *John T. Hermann*

                                              John T. Hermann



it's that kind of experience.

July 2, 2013

Mr. Jason Pontello
31623 Linden Ave
Fraser, MI 48026

Re:  *Malibu Media, LLC. v John Doe subscriber assigned ip address 67.149.158.6*,
Civil Action No. 2:13-cv-12197-GAD-PJK;
Subpoena and Court Order to Provide Customer Information

Dear Mr. Pontello:

## IMPORTANT NOTICE REGARDING ISSUANCE OF SUBPOENA
## SEEKING DISCLOSURE OF YOUR IDENTITY

We have received a Subpoena in the referenced case to disclose certain customer information (name, address, telephone number, email address and MAC address) associated with IP Address 67.149.158.6, used on 04/12/2013, as further described in the Subpoena issued to us by the Law Offices of Nicoletti, LLC. The Subpoena was issued to us in accordance with an Order issued by Honorable Gershwin A. Drain. We have attached the Subpoena and related Court Order.

WOW is not a party to this lawsuit, and has taken no part in this filing. We are, however, legally required to respond to the Subpoena. We cannot provide legal advice to you on this matter.

In accordance with the Order, if you wish to move to quash the Subpoena, you must do so two (2) business days before the return date of the subpoena, which is **August 1, 2012**. Please be advised that, unless WOW is served with a motion to quash signed by the court on or before **July 30, 2012**, we intend to provide the requested information. If you intend to take actions to modify or quash the Subpoena before we respond, motion papers signed by the court can be served upon WOW via Fax number 630-536-3108 immediately, and we will withhold the information pending the Court's consideration of your motion.

Very truly yours,

*[signature]*

David Walden
Vice President, IT
WOW Internet, Cable and Phone