UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIBU MEDIA, LLC,

        Plaintiff,                        Case No. 13-cv-12197
                                                   HON. GERSHWIN A. DRAIN

v.

JASON PONTELLO,

        Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE [#23]**

**I.    Introduction**

On May 17, 2013, Plaintiff, Malibu Media ("Malibu"), filed the present action against Defendant, Jason Pontello ("Pontello"), alleging copyright infringement in violation of the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. ("Copyright Act"). Malibu alleges that Pontello copied Malibu's motion pictures without authorization. Malibu bases this allegation on data collected by a third-party service provider, IPP International UG ("IPP"), and its employee, Tobias Feiser ("Mr. Feiser"). Presently before the Court is Defendant Pontello's April 7, 2014 Motion *in limine* to exclude evidence obtained from IPP and Mr. Feiser. Malibu filed a response on May 5, 2014. Pontello filed no reply, and the time to do so has since passed. Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the resolution of this matter. *See* E.D. Mich. L.R. 7.1(f)(2). Accordingly, the Court will cancel the August 6, 2014 hearing.

For the reasons that follow, the Court will **DENY** Defendant's Motion *in limine* to exclude evidence.

1

## II. Factual Background

Malibu alleges that, in late 2012 and early 2013, Pontello illegally shared Malibu's copyrighted videos over the internet using a series of BitTorrent transactions. Malibu employs a third party service provider, IPP, to track, investigate, and collect evidence pertaining to the unauthorized sharing of its video works online. During its investigation, IPP and its employee, Mr. Feiser, recorded online transactions allegedly containing Malibu's copyrighted video works. IPP then tied those transactions to Pontello's computer as identified by its Internet Protocol ("IP") address. As a result, Malibu maintains that Pontello is liable for violation of the Copyright Act based on the unauthorized sharing of 33 videos. Malibu intends to present data gathered by IPP and Mr. Feiser that allegedly shows the transmission of pieces of Malibu's copyrighted video from Pontello's computer.

Pontello, in his Motion *in limine*, contends that the Court should exclude the evidence from IPP and Mr. Feiser because IPP is a financially interested party. Specifically, Pontello alleges that Malibu plans to pay IPP pursuant to an oral contingency agreement. Pontello asserts that such an agreement is "contrary to common law principles, public policy, the ABA Model and Michigan Rules of Professional Conduct as well as the Federal Unlawful Gratuity Statute." (Def.'s Mot. 2.) Pontello further asks the Court to require that Malibu disclose all past and present fee agreements between Malibu, its counsel, and IPP (Def.'s Mot. 2.)

## III. Law and Analysis

### A. Standard of Review

A motion *in limine* refers to "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). The purpose of a motion *in limine* is to eliminate "evidence that is

clearly inadmissible for any purpose" before trial. *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). A district court rules on evidentiary motions *in limine* "to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). The guiding principle is to "ensure evenhanded and expeditious management of trials." 326 F. Supp 2d at 846.

"Neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion *in limine*." *Ross v. Am. Red Cross*, No. 09-00905, 2012 U.S. Dist. LEXIS 77475, at *3 (S.D. Ohio June 5, 2012). Nevertheless, the Supreme Court has allowed district courts to rule on motions *in limine* "pursuant to the district court's inherent authority to manage the course of trials." 469 U.S. 38, 41 n.4 (1984).

A district court should grant a motion to exclude evidence *in limine* "only when [that] evidence is clearly inadmissible on all potential grounds." 326 F. Supp. 2d at 846. In cases where that high standard is not met, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Id.* Denial of a motion to exclude evidence *in limine* does not necessarily mean that the court will admit the evidence at trial. *See* 469 U.S. at 41. "[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Id.* at 41-42.

### B. Pontello's Motion *in limine* to Exclude Evidence From IPP and Mr. Feiser

Pontello contends that this Court should exclude all evidence from IPP and its employee, Mr. Feiser, because IPP is financially interested in the outcome of this case. However, the nature of Malibu's fee agreement with IPP remains a disputed fact. Pontello alleges that Malibu plans to pay IPP for its evidence pursuant to an oral contingency fee agreement. Under this alleged

agreement, IPP's compensation from Malibu is contingent on potential proceeds received from the resolution of this case. Pontello bases this allegation solely upon Plaintiff's discovery responses from a previous case. (Def.'s Mot. 2-4.)

Malibu admits that it had a contingency agreement with IPP in the past, but denies using such an agreement in this case. Malibu claims that it now pays IPP a fixed monthly fee for IPP's data collection services. Malibu maintains that, pursuant to this new arrangement, IPP has no financial interest in the outcome of this case. Malibu presented sworn declarations from Mr. Feiser and Ms. Colette Field ("Ms. Field"), a managing member of Malibu, indicating that no contingency agreement is in effect in this case. "Malibu's prior oral agreement . . . does not apply to this case. . . . Malibu and IPP have a written fixed fee agreement pursuant to which Malibu Media pays IPP for providing the service of collecting data about infringements." (Field Decl. ¶¶ 7-8; *see also* Feiser Decl. ¶ 8.)

As an initial matter, the Court will not exclude evidence on a motion *in limine* based on unresolved questions of fact. Motions to exclude evidence *in limine* should be granted "only when [that] evidence is clearly inadmissible on all potential grounds." 326 F. Supp. 2d at 846. Pontello's reliance on Malibu's discovery responses from a past case is insufficient to establish that Malibu is paying IPP for specific testimony. Mr. Feiser and Ms. Field's sworn affidavits belie that claim. In any event, the unresolved question of fact underlying Pontello's claim necessarily precludes the Court from determining that IPP's evidence is "clearly inadmissible."

Even assuming, *arguendo*, that Malibu plans to pay IPP pursuant to a contingency agreement, that fact alone would not make IPP or Mr. Feiser's testimony clearly inadmissible. The Federal Rules of Evidence govern the admission of evidence in criminal and civil actions.

Fed. R. Evid. 1101(b). Pontello cites no Federal Rule of Evidence to exclude the evidence from IPP or Mr. Feiser, nor can this Court find an applicable rule that compels it to do so.

Instead, Pontello contends that paying IPP based upon a contingency agreement is "contrary to common law principles [and] public policy." (Def.'s Mot. 2.) Courts have held that parties should not compensate witnesses for providing specific testimony. *See, e.g., United States v. Blaszak*, 349 F.3d 881 (6th Cir. 2003); *Hamilton v. Gen. Motors Corp.*, 490 F.2d 223 (7th Cir. 1973). However, a party may compensate a witness for reasonable expenses and time. *See, e.g., Conrail v. Grand Trunk W. R.R. Co.*, No. 09-10179, 2012 U.S. Dist. LEXIS 19467. Pontello has presented no evidence that Malibu paid IPP or Mr. Feiser for specific testimony in this case (as opposed to compensating IPP for its data collection services).

Pontello also argues that Malibu's contingency agreement, if it exists, violates the Federal Unlawful Gratuity Statute and the ABA Model and Michigan Rules of Professional Conduct. The Court need not reach this issue to rule on Pontello's Motion *in limine*. However, assuming, *arguendo*, that such violations occurred, excluding Malibu's evidence on that basis alone would not be the proper remedy. *See Malibu Media, LLC v. Doe*, No. 13-8484, 2014 WL 1228383 (N.D. Ill. Mar. 24, 2014) (noting that a violation of the Federal Unlawful Gratuity Statute or the applicable rules of professional conduct would "not make evidence obtained in violation of those rules inadmissible but rather [would] only [go] to the weight to be accorded to it" by the trier of fact). The Federal Unlawful Gratuity Statute makes it a crime to buy or sell testimony from a witness in exchange for something of value. *See* 18 U.S.C.S. § 201(c)(2)-(3) (2014). While federal statutes may provide a separate framework for the admission of evidence in court (Fed R. Evid. 1101(e)), the Fed. Unlawful Gratuity Statute does not do so. *See* 18 U.S.C.S. § 201. Similarly, the applicable professional rules of conduct do not provide a basis for the exclusion of

evidence. *See Malibu Media, LLC v. Doe*, No. 13-8484, 2014 WL 1228383 (N.D. Ill. Mar. 24, 2014). Because neither the Federal Unlawful Gratuity Statute nor the rules of professional conduct provide a basis for excluding IPP or Mr. Feiser's evidence, Pontello's argument goes to the weight of that evidence, not its admissibility. *See id.*

Accordingly, Defendant will have the opportunity to attack the weight of Plaintiff's evidence through cross-examination and during Defendant's case-in-chief.

### C. Pontello's Discovery Request

Pontello also asks the Court to require that Malibu disclose all past and present fee agreements between Malibu, its counsel, and IPP. Pontello filed a separate Motion to Compel Discovery [#22] on this issue. Magistrate Judge Paul J. Komives deemed that Motion resolved pursuant to his Order [#41] filed on June 17, 2014. Pursuant to that Order, the Court considers the issue resolved.

### IV. CONCLUSION

For the reasons stated above, the Court will **DENY** Defendant's Motion *in limine* to exclude Malibu's evidence from IPP and Mr. Feiser.

**SO ORDERED.**

Dated: July 16, 2014         s/Gershwin A. Drain
Detroit, Michigan        GERSHWIN A. DRAIN
       United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on **July 16, 2014.**